NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0429n.06
Filed: July 17, 2008

No. 07-3484

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Nicole Holder, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| City of Cleveland, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellee. | | |

Before:     **KEITH and SUTTON, Circuit Judges; ACKERMAN, District Judge.**[*]

DAMON J. KEITH, Circuit Judge.  Plaintiff Nicole Holder ("Holder") appeals a grant of summary judgment dismissing her action against the City of Cleveland ("City") which alleged race-based pay discrimination in violation of Title VII and the Ohio Equal Pay Act.  The district court found that Holder's claims were precluded on the basis of res judicata.  We agree.

I.

Holder is an African-American woman.  From December 22, 2003, to August 19, 2005, she was employed by the City as a "Project Director."  Holder's annual salary was $40,000.00.  The City paid its Project Directors different salaries, and Holder alleged that the City paid higher salaries to one male Project Director and several white female Project Directors with the same job responsibilities as she had.  The position of "Project Director" allows for a salary range between

_____

[*]The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

$22,333.40 to $72,734.99 per year. Previously, Holder's supervisor, Dan Beears, recommended that the City raise Holder's salary, writing, "Ms. Holder, through not fault of her own, makes substantially less than the other trainers in the training development unit." Beears also gave Holder a "high recommendation" for her performance. During his deposition, Beears testified that "there were some other inequities in the past [he] was aware of that people were paid low salaries." The City never raised Holder's salary.

In July 2005, Holder began to dispute her duties and refuse assignments relating to certain projects within her department. Holder also complained that she never received a raise promised to her by her supervisor. After Holder further refused to accept assignments, the City scheduled a disciplinary hearing, and Holder resigned prior to the hearing.

On October 12, 2005, Holder filed a lawsuit ("*Holder I*") against the City in the Northern District of Ohio alleging (1) pay discrimination in violation of the Federal Equal Pay Act and (2) common law breach of contract. Both parties consented to jurisdiction of Magistrate Judge David S. Perelman. In January 2006, prior to the adjudication of her first suit, Holder filed an Equal Employment Opportunity Commission (EEOC) complaint for race and sex discrimination, and she received a right-to-sue letter on April 25, 2006. Holder never requested leave to amend her complaint in *Holder I* to include her allegation of race discrimination under Title VII. On November 27, 2006, Magistrate Judge Perelman granted the City's motion for summary judgment. *Holder v. City of Cleveland*, 2006 WL 3421863 (N.D. Ohio Nov. 27, 2006) (unpublished). Holder did not appeal.

On July 14, 2006, Holder filed a second claim ("*Holder II*") against the City alleging race-

based pay discrimination under Title VII and the Ohio Equal Pay Act. The district court granted the

City's motion for summary judgment on March 8, 2007, dismissing *Holder II* because the suit was

barred by res judicata due to the earlier dismissal of *Holder I*.

II.

Holder contends that the district court erred in dismissing her claim in *Holder II*. A claim

is barred by res judicata if there is:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a
> subsequent action between the same parties or their privies; (3) an issue in the
> subsequent action which was litigated or which should have been litigated in the
> prior action; and (4) an identity of the causes of action.

*Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer

Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). This Court reviews *de novo* a district court's dismissal of

a complaint for res judicata. *Heyliger v. State Univ. & Comty. Coll. Sys. of Tenn.*, 126 F.3d 849, 851

(6th Cir. 1997).

Here, the first two elements have been satisfied because the district court's decision to

dismiss was a final decision on the merits[1] and *Holder II* is a subsequent action between the same

parties.[2] In order for the third and fourth elements to be satisfied, "there must be an identity of the

---

[1]Where the parties consent to the jurisdiction of a United States magistrate judge, the entry of judgment on the merits by the magistrate judge constitutes a final judgment on the merits which may be directly appealed to the appropriate United States court of appeals. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 73.

[2]As to the second factor, there is no dispute that the parties involved in this case are the same as those involved in *Holder I*. Holder, however, does contend that this case was not a "subsequent action," but instead "was a contemporary [sic] action because [*Holder I*] was still pending at the time [this Complaint] was filed." Brief of Appellant at 19. Holder cites no law from any jurisdiction to support this rather novel view of what constitutes a "subsequent action."

causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Where the two causes of action arise from the "same transaction, or series of transactions," the plaintiff should have litigated both causes in the first action and may not litigate the second issue later. *Rawe*, 462 F.3d at 529.

Holder first argues that her race and gender pay discrimination suits arise from different facts and therefore do not possess "an identity of the causes of action" required for res judicata to apply. However, both *Holder I* and *II* actually arise from the same facts (disparate pay); it is the legal theory of her claims that differ. The district court correctly noted that the "only discernable difference between the facts of [both cases] is that in her [current] Complaint she specifically seeks to compare her pay to two particular white female employees and her claims are all race based. [Both cases] involve the same employment, same supervisor and the same circumstances." *Holder v. City of Cleveland*, 2007 WL 756657, at *4 (N.D. Ohio Mar. 8, 2007).

Moreover, in *Holder I*, Holder had already alleged both race and gender discrimination in her initial complaint. Thus, Holder's argument that, when initially filing *Holder I*, she was not on notice of the potential for a claim of race discrimination is unpersuasive. Holder repeatedly underscored

Indeed, the logical terminus of Holder's interpretation of "subsequent" means that a plaintiff may file an infinite number of identical complaints in federal court so long as the first action is still pending, because each complaint filed after the first would not be "subsequent" for res judicata purposes. Contrary to Holder's assertions, "subsequent action" clearly refers to a case filed or still pending after a decision has been rendered in another case, regardless of filing dates. What remains irrefutable is the fact that a decision was rendered in *Holder I* on November 27, 2006, and the City moved for summary judgment in this case on December 29, 2006. In that regard, this case meets the second factor of res judicata: It is a subsequent action between the same parties.

the presence of race discrimination in her first complaint, writing into her initial claim that "Defendant knowingly violated the Equal Pay Act by paying Plaintiff a salary substantially lower than the salary paid other employees of different *races*, ages, and genders with identical job titles." (emphasis added). Even though Holder was aware of a possible racial disparity when filing *Holder I*, she chose only to pursue gender-based discrimination theories in her first suit. She cannot now subvert the principles of res judicata by filing yet another lawsuit on the same facts, but basing that suit solely on claims of racial discrimination. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (per curiam) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.").

Holder also argues that she could not and should not have litigated her race discrimination claim in her first suit because she had not yet received her EEOC right-to-sue letter when she filed *Holder I*. However, this Court has already found that even where a plaintiff did not obtain a right-to-sue letter prior to final judgment in an earlier, related suit, the plaintiff's second suit is still subject to res judicata because the plaintiff "could have folded his Title VII claim into his action in state court, for . . . 'leave [to amend pleadings] shall be freely given when justice so requires.'" *Heyliger*, 126 F.3d at 855-56.

Given our holding in *Heyliger*, the fact that Holder only received her right-to-sue letter after she filed her initial claim is of no consequence. Holder sat on her rights by not including her race discrimination theory in her first complaint, and there is no reason to believe that the *Holder I* court would have been unwilling to grant leave to amend following the receipt of her right-to-sue letter.

The district court summarized Holder's inaction and her opportunity to amend her claim as follows:

> Plaintiff received her right-to-sue letter a month before the close of discovery. The *Holder I* Court had been willing to extend deadlines and even extended the dispositive motion deadline at a conference held nearly a month after plaintiff received her right-to-sue letter. Moreover, Plaintiff filed *Holder I* in federal court less than two months after her resignation despite the fact that Equal Pay Act claims have a 3 year statute of limitations. *See* 29 U.S.C. § 255(a); *Gandy v. Sullivan County, Tenn.*, 24 F.3d 861, 863 (6th Cir. 1994). She waited another 3 months to file her EEOC complaint despite the fact that a right-to-sue letter is a prerequisite to filing in federal court. Although the possibility that Defendant might oppose a motion to amend apparently caused [Holder] great consternation, the need to file the motion was entirely due to Plaintiff's own litigation strategy.

*Holder*, 2007 WL 756657, at *4. Thus, Holder clearly had the opportunity, which she chose not to exercise, to amend her earlier suit to include her Title VII racial pay disparity claim.

III.

Because all elements of res judicata have been satisfied, we **AFFIRM** the district court's dismissal of this action on summary judgment.