RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0039p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RICHARD ROCHELEAU,

        *Plaintiff-Appellant,*

    *v.*

           No. 15-1588

ELDER LIVING CONSTRUCTION, LLC, et al.,

        *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-14842—Matthew F. Leitman, District Judge.

Decided and Filed:  February 18, 2016

Before:  SILER, MOORE, and GIBBONS, Circuit Judges.

---

## COUNSEL

**ON BRIEF:**  Richard Arthur Meier, Novi, Michigan, for Appellant.  Mark R. Richard, MAGDICH LAW, Livonia, Michigan, for Appellee Elder Living Construction.  Frederick T. Smith, SEYFARTH SHAW LLP, Atlanta, Georgia, John W. Drury, SEYFARTH SHAW LLP, Chicago, Illinois, for Appellee First Advantage

---

## OPINION

---

SILER, Circuit Judge.  On November 25, 2013, Plaintiff Richard Rocheleau filed this lawsuit pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ("the FCRA"), against Defendants Elder Living Construction, LLC, ("Elder Living"), and First Advantage LSN Screening Solutions, Inc., ("First Advantage").  Rocheleau alleged that Elder Living wrongfully obtained a background report on him and that First Advantage wrongfully

disseminated this report.  The district court granted summary judgment for both First Advantage and Elder Living, holding that the FCRA's two-year statute of limitations barred Rocheleau's lawsuit.  We **AFFIRM**.

**Background**

On September 15, 2011, Elder Living ordered a background screening report on Rocheleau from LexisNexis Screening Solutions, Inc., ("LexisNexis"), predecessor to First Advantage.  The request was made in conjunction with Rocheleau's application for employment with either Elder Living or a third party, Lowe's.  LexisNexis's search disclosed four criminal convictions matched to Rocheleau's name and date of birth.

On September 16, 2011, LexisNexis notified Rocheleau by mail that it was reporting information derived from his public record to Elder Living.  The notice advised Rocheleau to direct any questions to LexisNexis's consumer disclosure center and provided the appropriate address and telephone number.  A copy of the background report was enclosed with the notice. Rocheleau received the notice and report shortly after they were mailed in September 2011.

Three days later, LexisNexis mailed Rocheleau a second notice, advising that information from his background report "may adversely affect [his] employment status with Lowe's."  This notice informed Rocheleau that he was entitled to dispute the information contained in his report and again provided the appropriate contact information.  Enclosed was another copy of the background report and the summary of rights required by the FCRA.  He received this notice soon after it was mailed on September 19, 2011.

On September 26, 2011, LexisNexis notified Rocheleau that Lowe's had chosen not to hire him due at least in part to the contents of the background report.  This notice again advised Rocheleau that he was entitled to dispute the information contained in the report and provided the appropriate contact information.  Rocheleau received this final notification in late September 2011.  He contends that Elder Living provided a copy of the background report to his employer, Environmental Specialty Services, Inc., which subsequently terminated his employment.

Having received the notices, Rocheleau contacted LexisNexis several times throughout September 2011 to complain that he had not authorized the release of his background report.

Though he did not dispute the report's accuracy, he explained that he was "not happy that this was done" and "wanted to know what [LexisNexis was] going to do." Rocheleau expressed his concerns to at least eight LexisNexis employees.

More than two years later, on November 25, 2013, Rocheleau filed the instant action, alleging that Elder Living and First Advantage violated the FCRA. Rocheleau asserts that Elder Living obtained the background report without first obtaining his permission or notifying him that adverse action may result. He further alleges that neither First Advantage nor Elder Living issued certain certifications mandated by statute. Finally, he contends that First Advantage failed to adhere to the required "strict procedures" in releasing his information.

Granting summary judgment in favor of First Advantage and Elder Living, the district court noted that Rocheleau did not dispute that each of the alleged FCRA violations occurred in September 2011 or that he discovered these alleged violations no later than September 30, 2011. Accordingly, the court held that because Rocheleau filed his lawsuit more than two years after he discovered the alleged violations, the applicable statute of limitations rendered his claims time-barred.

**Legal Standard**

"We review a grant of summary judgment de novo, construing the evidence and drawing all reasonable inferences in favor of the nonmoving party." *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011). Summary judgment is appropriate where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The key issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**Discussion**

The FCRA's statute of limitations requires claims to be commenced no later than two years after the date of discovery of the violation that is the basis of liability, or five years after

the date on which the violation occurs—whichever date falls earlier.  15 U.S.C. § 1681p(1)-(2).
The statute provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
> (1)     2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2)     5 years after the date on which the violation that is the basis for such liability occurs.

*Id.*  Rocheleau does not dispute that each of the alleged violations occurred in September 2011 and that he discovered them upon receipt of the notices dated September 16, 19, and 26—no later than the end of September 2011.  Therefore, the district court's conclusion that Rocheleau's claims, filed November 25, 2013, were time-barred comports with the statute's clear meaning.

Though our court has not yet confronted this question, the Fifth Circuit's conclusion in *Mack v. Equable Ascent Financial, L.L.C.*, 748 F.3d 663 (5th Cir. 2014), is instructive.  On December 2, 2011, Plaintiff Mack filled suit, alleging that the predecessor company of Defendant Equable Ascent Financial, L.L.C. ("Equable"), obtained his consumer credit report without his consent in violation of 15 U.S.C. § 1681b.  Although Mack's allegations arose from a copy of his credit report that he had obtained in May 2009, he argued that because "he did not become aware of the actual violation of the statutory provision until he engaged in substantial study and research of the [FCRA] commencing in April 2011," his claims were timely.  *Id.* at 664.

The Fifth Circuit rejected Mack's argument, finding instead that § 1681p(1)'s two-year statute of limitations barred his lawsuit.  The court explained, "[T]he plain language of [§ 1681p] states that the relevant discovery is that of the violation that is the basis for liability."  *Id.* at 665.  Consequently, the limitations period commenced when Mack discovered that Equable had obtained his credit report without his consent.  The Fifth Circuit noted that this approach comports with the fundamental principle that "a limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation."  *Id.* at 665-66 (citations omitted); *see also Hyde v. Hibernia Nat'l*

*Bank*, 861 F.2d 446 (5th Cir. 1988) (holding that under a prior version of § 1681p, the limitations period for a suit alleging negligence commences when a report causes injury to the consumer for whose protection the FCRA was adopted).

The same principles govern Rocheleau's action.  Arguing that his claims survive § 1681p's two-year limitations period, Rocheleau points to a different provision of the FCRA: 15 U.S.C. §1681s-2(b), which establishes a mandatory three-step dispute resolution process. *Pletz v. MBNA America, NA*, No. 05-CV-799-DRH, 2007 WL 518756 (S.D. Ill. Feb. 15, 2007), enumerates the required steps.

> The dispute process contemplated in a §1681s-2(b) cause of action may . . . be broken down into three steps:  (1) the consumer's request to the credit bureau for deletion or alteration of the disputed item on her credit report; (2) the credit bureau's fulfillment of its duty to contact the furnisher regarding the disputed information; and (3) the furnisher's failure to modify, delete, or permanently block the information if it cannot be verified.  The § 1681s-2(b) claim is not ripe until each of these events occurs, and the statue of limitations does not begin to run until this requisite dispute process is complete.

*Id.* at *2 (citations omitted).  Relying upon *Pletz,* Rocheleau contends that because these three steps have not been completed with regard to his complaints, the two-year limitations period was tolled.  But Rocheleau disregards a key distinction between the *Pletz* case and his own: § 1681s-2(b) applies exclusively to disputes regarding "the completeness or accuracy of any information provided by a person to a consumer reporting agency."  §1681s-2(b)(1).  At no point has Rocheleau disputed the "completeness or accuracy" of his background report, either on appeal, in his district court filings, or in his many communications with LexisNexis.

Because Rocheleau has not contested the accuracy of his credit report, the district court properly concluded that §1681s-2(b)'s dispute process "has no relevance to this action and does not affect the applicable statute of limitations in any way."  Accordingly, his claims were time-barred.

**AFFIRMED**.