Richard W. **KIMBALL**, Individually and as next friend to A.S. and C.S., minors; Tracy Kimball, Individually and as Next Friend to A.S. and C.S., minors; Erica Kimball; Christopher Kimball; Autumn Johnson; Nicole Ballard; AS, a minor child by Richard and Tracy Kimball, Next Friend; CS, a minor child by Richard and Tracy Kimball, Next Friend, Plaintiffs–Appellants,

v.

**ORLANS ASSOCIATES P.C.**; Mortgage Electronic Registration Systems, Inc.; MortgageIT, Inc.; Deutsche Bank Trust Company; Ashley Spicer; MIT Lending; NB Lending; Ronald S. Glaser, Defendants–Appellees.

No. 15–2265

United States Court of Appeals, Sixth Circuit.

FILED June 09, 2016

Matthew Russell Cooper, Schuitmaker, Cooper & Schuitmaker, Paw Paw, MI, Frank B. Melchiore, Law FM, Saint Petersburg, FL, for Plaintiffs–Appellants.

I. W. Winsten, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Defendants–Appellees Orlans Associates P.C., Ashley Spicer, Ronald S. Glaser.

Michael J. Blalock, Erin Rose Katz, Thomas H. Trapnell, Bloomfield Hills, MI, Jill M. Wheaton, Ann Arbor, MI, Dykema Gossett, for Defendant–Appellee Mortgage Electronic Registration Systems, Inc.

Deanna Swisher, Foster, Swift, Collins & Smith, Lansing, MI, for Defendants–Appellees MortgageIT, Inc., Deutsche Bank Trust Company, MIT Lending, NB Lending.

BEFORE: COOK and KETHLEDGE, Circuit Judges; SARGUS, District Judge.*

COOK, Circuit Judge.

In 2005, Richard and Tracy Kimball obtained two loans secured by a mortgage on their house, but defaulted after Richard—a military reservist—was called to active duty. At a 2008 non-judicial foreclosure auction, their home was sold. The Kimballs sued—individually and as the next friends of their children and grandchildren—a number of defendants, alleging that the

---

* The Honorable Edmund A. Sargus, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

foreclosure violated their rights under the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901–4043 [1] (SCRA). The district court granted every defendant summary judgment. All plaintiffs appealed. We AFFIRM.

## I.

In July 2005, the Kimballs procured two loans from MortgageIT, Inc., secured by a mortgage on their house at 720 Randolph Street, Jackson, Michigan. The mortgage named Mortgage Electronic Registration Systems, Inc. (MERS) mortgagee. A month later, MortgageIT sold its interest in the loans to EMC Mortgage Corp., an entity affiliated with JP Morgan Chase Bank (Chase).

Richard was called to active duty in May 2006. Orders extended his service into 2013. During his service, Richard failed to make loan payments, so the loan security—the 720 Randolph Street property—was sold at a non-judicial foreclosure auction on January 23, 2008. Orlans Associates, P.C., along with Ashley Spicer and Ronald Glaser, (collectively Attorney Defendants), participated in the foreclosure sale as counsel for the loan servicer and MERS.

Some years later, as borrowers with a mortgage serviced by EMC or Chase, the Kimballs received notice of a class action settlement with Chase for SCRA violations. The settlement covered violations of SCRA's interest-rate and foreclosure provisions. A court in the District of South Carolina certified a class and approved the proposed settlement. *Rowles v. Chase Home Fin., LLC*, Civil No. 9:10–cv–01756–MBS, 2012 WL 80570 (D.S.C. Jan. 10, 2012). The Kimballs submitted a settlement claim form and supporting documents in which Richard both asserted that Chase foreclosed on his home and chronicled the harm that flowed therefrom. Ultimately, the Kimballs received $100 for interest-rate violations and $35,000 for emotional distress, economic loss, and credit defamation.

Not satisfied, the Kimballs sued individually and as the next friend of their children and grandchildren (collectively Dependent Plaintiffs). They targeted the Attorney Defendants and MERS, along with MortgageIT, Deutsche Bank Trust Company, MIT Lending, and NB Lending (collectively MortgageIT Defendants). The district court granted summary judgment to every defendant against every plaintiff. This appeal followed.

## II.

We review the district court's grant of summary judgment de novo, affirming if the evidence demonstrates no genuine issue as to any material fact and, construing the evidence and reasonable inferences in favor of the non-movant, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rocheleau v. Elder Living Constr., LLC*, 814 F.3d 398, 400 (6th Cir. 2016).

The SCRA provides United States servicemembers certain protections to allow them to "devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902(1). These protections include prohibiting mortgage foreclosures on servicemembers during their service, which extend to their dependents. *Id.* at §§ 3953, 3959. The SCRA also limits the maximum interest rate lenders may charge servicemembers. *Id.* at § 3937.

---

1. The SCRA was previously codified at 50 U.S.C. app. §§ 501–597(b), but was recently moved to 50 U.S.C. §§ 3901–4043. We cite to the current codification.

480

## A. The Dependent Plaintiffs' Claims

■ The district court determined that the SCRA provides a private right of action only to those "aggrieved by a violation of their own protection under the SCRA." A servicemember's dependent may invoke foreclosure protection "if the dependent's ability to comply with a … [mortgage] obligation is materially affected by … the servicemember's military service." 50 U.S.C. § 3959. Because Dependent Plaintiffs[2] failed to establish that Richard's service materially affected their ability to comply with the mortgage, they showed no dependent-protection-provision ·violation. Dependent Plaintiffs therefore had no "private right of action," and the district court granted summary judgment to all defendants on their claims.

Dependent Plaintiffs complain that under § 4042, "[a]ny person aggrieved by a [SCRA] violation" may seek relief "in a civil action." 50 U.S.C. § 4042(a). True enough. But to the extent they claim § 4042 allows them to vindicate Richard's rights under the SCRA, they provide no support.

■ As for a violation of Dependent Plaintiffs' own rights under § 3959, the district court correctly concluded that they failed to establish a violation. None of the Dependent Plaintiffs were parties to the mortgage so "they had no ability to comply with [the mortgage] regardless of [Richard's] service." And though the record reveals only a conclusory statement by Tracy that Richard's deployment materially affected the Dependent Plaintiffs' ability to comply with the mortgage, that statement fails to create a dispute of material fact sufficient to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008).·

## B. The MortgageIT Defendants

■ Next, all plaintiffs argue that the district court erred when it granted summary judgment to the MortgageIT Defendants as having no connection with the challenged foreclosure. They say mortgage documents reveal the MortgageIT Defendants' status as the original lender on the Kimballs' mortgage and make no mention of Chase, so, the argument goes, those defendants bear responsibility for the foreclosure.

The MortgageIT Defendants acknowledged their status as lender. But they also presented an affidavit showing that they · sold their interest in the Kimballs' mortgage in August 2005. A separate letter addressed to the Kimballs confirmed that sale. And the challenged foreclosure occurred in January 2008—over two years later. The MortgageIT Defendants, therefore, had no hand in the foreclosure, and plaintiffs present no contrary evidence sufficient to prevent granting summary judgment to the MortgageIT Defendants. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## C. MERS and the Attorney Defendants

■ The district court determined that by participating in the *Rowles* settlement, the Kimballs released their potential SCRA foreclosure claims. It granted summary judgment to MERS after concluding that Chase and MERS were in privity regarding the mortgage foreclosure, so res judicata barred the Kimballs' SCRA

---

**2.** While Tracy, as Richard's wife, qualifies as a dependent, 50 U.S.C. § 3911(4)(A), the district court considered her claims along with Richard's. Because any SCRA mortgage-fore- closure claims she may have fail for the same reasons as Richard's, *see* II.B and C, we follow suit.

claims. While the district court granted the Attorney Defendants summary judgment as released parties under the *Rowles* settlement, we do not reach that question because res judicata bars the Kimballs' claims against the Attorney Defendants. *See Thornton v. Fed. Express Corp.*, 530 F.3d 451, 456 n.2 (6th Cir. 2008) (upholding a grant of summary judgment on alternate grounds when the party opposing summary judgment responded to the new decisional grounds).

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Res judicata requires:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). Determining that res judicata applies to bar the Kimballs' claims against both MERS and the Attorney Defendants, we affirm the district court's grants of summary judgment.

*Final Decision on the Merits.* No one seriously disputes that a class-action settlement of a certified class qualifies as a final decision on the merits. *See King v. S. Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524, 528–29 (6th Cir. 1986). Here, the *Rowles* settlement fits the bill. *See generally Rowles*, 2012 WL 80570.

*Same Parties or Privies.* The Kimballs assert that neither MERS nor the Attorney Defendants were in privity with Chase regarding their settled claims. They argue that *Rowles* settled only their claims stemming from Chase *servicing* their loans—not for foreclosing—and only with Chase. First, the record belies the Kimballs' contention that in *Rowles* they settled only claims from Chase servicing their loan; *i.e.*, for overcharging interest. Indeed, both the class settlement agreement, and class complaint plainly cover foreclosure violations. Moreover, the Kimballs sought relief from the *Rowles* settlement fund for harm from "Chase [taking their] home," and they received compensation for harms resulting from foreclosure.

■ Second, the Kimballs' claim that they settled with Chase only, fails to rebut MERS's and the Attorney Defendants' privity argument. Indeed, the record reflects that those defendants enjoyed a privity relationship with Chase regarding the Kimballs' mortgage. As just explained, the Kimballs settled foreclosure claims with Chase—effectively admitting that Chase, as their loan servicer, bore responsibility for foreclosing. And loan servicers typically act as agents for mortgagees. *See R.G. Fin. Corp. v. Vergara–Nuñez*, 446 F.3d 178, 187 (1st Cir. 2006). Myriad district courts agree that a mortgage's loan servicer acts as agent for the mortgagee, thereby satisfying res judicata's privity requirement for suits involving the mortgage. *See, e.g., Laues v. Roberts*, No. 2:14–CV–12313, 2015 WL 1412631, at *6 (E.D. Mich. Mar. 25, 2015); *Buzzell v. JP Morgan Chase Bank*, No. 3:13–CV–668, 2014 WL 3767118, at *6 (E.D. Va. July 31, 2014). We see no reason to disagree. The Attorney Defendants are also in privity with Chase concerning the mortgage foreclosure by virtue of their position as foreclosure counsel. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000).

*Prior Litigation and Identity of Actions.* Finally, the Kimballs say that the

*Rowles* settlement covered only Chase's interest-rate overcharges under § 3937, but because this case asserts claims that all defendants wrongfully foreclosed under § 3953, the suits involve different causes of action precluding res judicata. But as explained, the *Rowles* settlement included wrongful foreclosure claims under § 3953. Both this case and *Rowles*, therefore, share an identity of the causes of action. Indeed, they arise from the same facts—the non-judicial foreclosure sale of the Kimballs's home—and require the same evidence to prove—records relating to the mortgage, foreclosure sale, and Richard's military service. *See Wilson v. Strickland,* 333 Fed.Appx. 28, 30 (6th Cir. 2009) (per curiam) (stating that "an identity of the facts creating the right of action and of the evidence necessary to sustain each action" satisfies the third and fourth res judicata elements (quoting *Holder v. City of Cleveland,* 287 Fed.Appx. 468, 470–71 (6th Cir. 2008))).

■ The Kimballs offer two more reasons why the *Rowles* settlement covered no foreclosure claims. First, the *Rowles* settlement lacked a waiver of SCRA protections as mandated by § 3918, thus preventing settlement of those claims. Section 3918 allows a servicemember to "waive any of the rights and protections provided by [the SCRA]," including foreclosure protection. 50 U.S.C. § 3918(a), (b)(2). But the *Rowles* settlement did not allow Chase to foreclose on the Kimballs; rather, it provided relief for allegedly unlawful foreclosures. The *Rowles* settlement's lack of a § 3918 waiver fails to revive the Kimballs' foreclosure claims.

Second, the Kimballs maintain that Chase lacked the record chain of title needed to foreclose by advertisement under Michigan law, so the Kimballs should not "be held to the Release found in *Rowles.*" By asserting this argument for the first time in their reply brief on appeal, however, the Kimballs forfeited it. *Helfrich v. Lakeside Park Police Dep't,* 497 Fed. Appx. 500, 514 (6th Cir. 2012) (citing *Am. Trim, L.L.C. v. Oracle Corp.,* 383 F.3d 462, 477 (6th Cir. 2004)).

## III.

For the foregoing reasons, we AFFIRM.