# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2014

Lyle W. Cayce
Clerk

DAVID E. MACK,

Plaintiff-Appellant

v.

EQUABLE ASCENT FINANCIAL, L.L.C., Successor in interest to HILCO
RECEIVABLES, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:

On December 2, 2011, Plaintiff-Appellant David Mack ("Mack") filed this *pro se* civil suit pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Defendant-Appellee Equable Ascent Financial, L.L.C. ("Equable"), as successor in interest to Hilco Receivables, L.L.C. ("Hilco"). Mack alleged that in February 2009 Hilco obtained Mack's consumer credit report without a permissible purpose or Mack's consent, in violation of 15 U.S.C. § 1681b. He demanded $1,000 in damages plus fees and costs.

Equable filed a motion for summary judgment arguing, *inter alia*, that Mack's suit was barred by the 2-year statute of limitations set forth in

§ 1681p(1). Equable attached as an exhibit Mack's responses to Equable's first set of discovery requests, in which Mack admitted that his allegations were based on a copy of his TransUnion credit report that he had obtained in May 2009. However, Mack asserted that "he did not become aware of the actual violation of the statutory provision until he engaged in substantial study and research of the Fair Credit Reporting Act commencing in April 2011 and thereafter reviewed the report he had previously obtained and discovered the violation."

The magistrate court granted Equable's motion for summary judgment on the ground that these discovery responses show that Mack's suit is time barred pursuant to § 1681p(1) because he did not file suit within two years of receiving the May 2009 report. Mack timely appealed.

Mack argues that the magistrate court erred in granting Equable's motion for summary judgment and dismissing his suit as time barred. We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks, emphasis, and citation omitted). If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Congress amended § 1681p in 2003. The current version provides:

No. 13-40128

> An action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of—
>> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p(1) (2003). The prior version provided: "An action to enforce any liability . . . may be brought . . . within two years from the date on which liability arises, except that where a defendant has materially and willfully misrepresented any information required . . . to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual . . . the action may be brought at any time within two years after discovery by the individual of the misrepresentation." *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 448 n.11 (5th Cir. 1988) (quoting 15 U.S.C. § 1681p(1) (1982)).

In *Hyde*, we interpreted the prior version of § 1681p and concluded that "the limitations period for a suit asserting negligence commences when a report issued to a user causes injury to the consumer for whose protection the Act was adopted and that the limitations period for a suit asserting intentional violation of the Act begins at the same time or, if the consumer is not aware of the issuance of the report, when the consumer later discovers it." *Id.* at 446. Mack argues that "Congress made a dramatic change in the language from '. . . after discovery by the individual of the misrepresentation' to '2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability.'" Mack argues that under the plain language of the new version, he could not have "discovered" the violation until he had researched the statute.

The magistrate court properly rejected Mack's reading of the statute. As Equable notes, the material difference between the two versions is that the

prior version did not contain a discovery rule for claims that did not involve misrepresentation whereas the current version contains a discovery rule for all claims. Moreover, the plain language of the current version states that the relevant discovery is that of the violation that is the basis for liability. 15 U.S.C. § 1681p. The violation that Mack alleges is that Hilco obtained his credit report without his consent, which he indisputably discovered in May 2009. Thus, the *Hyde* reasoning still applies, and the limitations period began to run when Mack discovered that Hilco had obtained his credit report without his consent. *See Hyde*, 861 F.2d at 448-49. This accords with the general approach under the discovery rule that a limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation. *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 644-48 (2009); *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008); *In Re Coastal Plains, Inc.*, 179 F.3d 197, 214 (5th Cir. 1999). Mack does not cite to any case that supports his reading of the statute, and the magistrate court correctly found that such a reading would indefinitely extend the limitations period.

We AFFIRM the judgment.