**Carrie E. WIRT, on behalf of herself and others similarly situated, Plaintiffs,**

v.

**The BON–TON STORES, INC., Defendant.**

**1:14–cv–1755**

United States District Court, M.D. Pennsylvania.

Signed October 1, 2015

Irv Ackelsberg, Langer Grogan & Diver, PC, James A. Francis, John Soumilas, David A. Searles, Francis & Mailman PC, Philadelphia, PA, for Plaintiff.

Charlotte E. Thomas, Dana Klinges, Duane Morris, LLP, Philadelphia, PA, Oderah C Nwaeze, Duane Morris LLP, Wilmington, DE, for Defendant.

### MEMORANDUM & ORDER

John E. Jones III, United States District Judge

Plaintiff Carrie E. Wirt brings this consumer class action under the Fair Credit Reporting Act, 15 U.S.C. Section 1681 *et seq.* ("FCRA") on behalf of herself and others similarly situated, and against Defendant Bon–Ton Stores, Inc. Presently pending before this Court is Defendant's Motion to Dismiss or in the Alternative to Strike, pertaining to Count I of Plaintiff's Amended Complaint. (Doc. 33). For the reasons that follow, the Motion shall be denied.

## I. FACTUAL BACKGROUND

On or around the end of August 2012, Carrie E. Wirt ("Wirt") applied for the position of sales associate at Bon–Ton Stores, Inc. ("Bon–Ton"). (Doc. 26, ¶ 23).

Pursuant to Bon–Ton's standard hiring practices, Wirt signed a document entitled "Application for Employment." (*Id.* ¶ 24, *see* Doc. 37, Exhibit A). Wirt alleges that this standardized form document was not a "clear and conspicuous disclosure ... in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i) of the FCRA. (Doc. 26, ¶ 24). The first page of the document contained blanks for Wirt's personal information. (Doc. 37, Exhibit A, pg. 1). At the bottom of the second page and the top of the third, several paragraphs outlined Bon–Ton's background check procedure. (*Id.* pgs.2–3). Also on the third page, a space was available for Wirt to affirm the statement, "I have read and agree with this policy." (*Id.* pg.3). Further down on the third page, an "Acknowledgments and Agreement" section authorized Bon–Ton to verify all of the information provided in the application, including Wirt's criminal background information. (*Id.*). The section also indemnified Bon–Ton and any company providing such verification information from suit by Wirt. (*Id.*).

Wirt was hired and began working at a Bon–Ton retail store on September 2, 2012. (Doc. 26, ¶ 34). On October 1, 2012, Bon–Ton requested a background report on Wirt from HireRight, one of the largest employment background screening companies in America. (*Id.* ¶¶ 12, 37, 39). On October 15, 2012, Bon–Ton informed Liberty House, a vocational services program that assists Wirt, that the background report it received indicated that Wirt had stolen money from her previous employer, Kmart. (*Id.* ¶ 35). An employee from Liberty House, Wirt, Bon–Ton's Human Resources Manager and Bon–Ton's Store Manager later met to discuss the situation. (*Id.* ¶ 36). Wirt explained that she had been wrongfully accused of stealing money from Kmart in December of 2010. (*Id.* ¶¶ 19, 36). She further explained that,

although she was charged in connection with these allegations, the charges against her were subsequently dismissed for lack of evidence. (*Id.* ¶¶ 21, 36).

At the same meeting, Bon–Ton provided Wirt with a "Notification of Adverse Employment Action" and a copy of the Hire-Right background report, dated October 15, 2012. (*Id.* ¶ 37). The Bon–Ton managers informed Wirt that she was being placed on suspension. (*Id.* ¶ 41). Allegedly, at no point was Wirt provided with pre-adverse action notice as required by the FCRA. (*Id.*). Two days later Bon–Ton reinstated Wirt, and she remained in Bon–Ton's employ until January 12, 2013. (*Id.*, ¶¶ 43, 44).

## II. PROCEDURAL HISTORY

Wirt commenced this action with the filing of a complaint on September 9, 2014. (Doc. 1). The complaint asserted a single Count under § 1681b(b)(3) of the FCRA on behalf of a class of similarly situated persons. The Count alleged that Bon–Ton failed to give Wirt and others "pre-adverse action notice," as § 1681b(b)(3) requires, before making adverse employment decisions (referred to below as the "Adverse Action Claim"). (Doc. 1, ¶¶ 43–50). In her original complaint, Wirt defined the class as:

All employees or applicants for employment of Defendant Bon–Ton ... who, within two years prior to the filing of this action and continuing through the final resolution of this case, were the subject of a background report obtained from HireRight that was used by Bon-Ton to make an adverse employment decision ... and for whom Bon–Ton failed to provide the employee or applicant a copy of their consumer report or a copy of the FCRA summary of rights at least five business days before it took such adverse action.

(Doc. 1, ¶ 37). Bon–Ton filed an answer to the complaint on October 14, 2014 (Doc. 11), and soon thereafter, deadlines for class certification and discovery were set. (Doc. 15). A March 31, 2015 deadline was also set for amendments to the pleadings. (Doc. 15, ¶ 6).

On or about January 27, 2015, Bon–Ton produced sixty-five pages of discovery, including Wirt's Employment Application. On February 20th, allegedly in response to new information revealed by the discovery, Wirt filed an amended class action complaint. (Doc. 18). Bon–Ton moved to strike the amended complaint on March 10th. (Doc. 20). Subsequently, the parties agreed to a jointly proposed Scheduling Order, and withdrew both the amended complaint and the motion to strike.

Pursuant to the Scheduling Order, Wirt filed the operative Amended Complaint on April 15, 2015. (Doc. 26). The operative Amended Complaint sets forth two Counts. The first Count, also asserted on behalf of a class of similarly situated persons, alleges that Bon–Ton "willfully or negligently violat[ed] Section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure ... in a document that consists solely of the disclosure. ..." (*Id.* ¶ 55). The second Count is identical to that in the original complaint. In her Amended Complaint, Wirt includes the same class definition as that which appears in her original complaint. She also outlines a second category of persons, described as:

[A]ll natural persons residing within the United States and its territories, regarding whole, within two years prior to the filing of this action and extending through the resolution of this action, the Defendant procured or caused to be procured a consumer report for employ-

ment purposes using a written disclosure containing language substantually similar in form to the forms provided to Ms. Wirt . . . .

(*Id.* ¶ 46(a)). Wirt seeks an order certifying the two groups of persons as a single class under Rule 23 and appointing Wirt and her counsel to represent the same. (*Id.* ¶ 63). Wirt also seeks an award of actual, statutory and punitive damages for herself and the class, as well as pre- and post-judgment interest, attorneys fees and costs. (*Id.*).

On May 1, 2015, Bon–Ton submitted the instant *Motion to Dismiss or in the Alternative to Strike*, in regards to Count I. (Doc. 33). The Motion has been fully briefed (Docs.34, 37, 38) and is ripe for disposition.[1]

## III. STANDARDS OF REVIEW

### A. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) contends that the complaint has failed to assert a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering such motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002)). To resolve the motion, a court generally should consider only the allegations in the complaint, as well as "any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256,

260 (3d Cir.2006) (citation and internal quotation marks omitted).

In general, a Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (alteration omitted)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). To survive a motion to dismiss, "a civil plaintiff must allege facts that 'raise a right to relief above the speculative level. . . .'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir.2007) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Accordingly, to satisfy the plausibility standard, the complaint must indicate that the defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all

---

**1.** Bon–Ton requested an oral argument regarding this Motion. However, the Motion has been comprehensively briefed and the Court feels well-equipped to resolve the issues at hand based on those briefs and without oral argument.

factual allegations that constitute nothing more than "legal conclusions" or "naked assertion[s]." *Twombly*, 550 U.S. at 564, 557, 127 S.Ct. 1955. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. Next, the district court must identify "the 'nub' of the … complaint—the well-pleaded, nonconclusory factual allegation[s]." *Id.* at 680, 129 S.Ct. 1937. Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556–57, 127 S.Ct. 1955). Rule 8 " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

**B. Motion to Strike Under Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D)**

■ Rule 12(f) allows the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). A court may invoke Rule 12(f) to strike material from a pleading either on the timely motion of a party or by its own initiative. *Id.* "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Goode v. LexisNexis Risk & Info. Analytics Grp.*, 284 F.R.D. 238, 243 (E.D.Pa.2012) (quoting *Natale v. Winthrop Res. Corp.*, No. 07–4686, 2008 WL 2758238, at *14 (E.D.Pa. July 9, 2008)). However,

"striking a pleading is a drastic remedy to be used sparingly because of the difficulty of deciding a case without a factual record." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142–43 (E.D.Pa.2011) (internal quotation omitted). "Relief under 12(f) is generally disfavored and will be denied unless the allegations 'have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.' " *Id.* (quoting *River Rd. Devel. Corp. v. Carlson Corp.*, No. 89–7037, 1990 WL 69085, at 2* (E.D.Pa. May 23, 1990)). District courts possess great discretion in disposing of a motion to strike. *Krisa v. Equitable Life Assurance Soc.*, 109 F.Supp.2d 316, 319 (M.D.Pa 2000) (quoting *River Rd.*, 1990 WL 69085, at *2).

**IV. DISCUSSION**

As discussed above, Wirt's original complaint alleges only a willful violation of 15 U.S.C. § 1681b(b)(3) by Bon–Ton. In her Amended Complaint, Wirt alleges that Bon–Ton willfully or negligently violated 15 U.S.C. § 1681b(b)(2), which provides, in relevant part:

[A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2). Wirt argues that by requiring prospective employees to sign a disclosure that was printed on a form that included other language, such as releases of liability and indemnification, Bon–Ton willfully or negligently violated § 1681b(b)(2).

Bon–Ton argues that Wirt's claim regarding the § 1681b(b)(2) violation (also referred to as the "Disclosure Claim") is time-barred because she signed the relevant documentation and felt its effects no later than October 15, 2012, more than two years before her Amended Complaint was filed. In her response, Wirt argues that the Amended Complaint was filed within the FCRA statute of limitations. She also argues that the Disclosure Claim relates back to her original complaint and is therefore admissible under the relation-back doctrine. For the following reasons, the Court concludes that Wirt's claim is not time-barred because it relates back to the timely-filed original complaint, and shall be allowed to proceed.

### A. Statute of Limitations

The FCRA is governed by a two-year statute of limitations, which begins to run "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. In *Merck v. Reynolds*, the United States Supreme Court clarified the term "discovery" in the context of a federal statutes of limitations. " 'Discovery' refers ... to a plaintiff's *actual* discovery of certain facts." *Merck & Co. v. Reynolds* 559 U.S. 633, 644–46, 130 S.Ct. 1784, 176 L.Ed.2d 582 (2010). The Fifth Circuit has further opined that the discovery of the actual facts, and not the knowledge that those facts give rise to a cause of action, is what causes the statute of limitations to run. *Mack v. Equable Ascent Financial, LLC,*

748 F.3d 663, 665–66 (5th Cir.2014) (holding that the FCRA two-year statute of limitations began to run when plaintiff discovered that his credit report had been obtained without his consent, and not when plaintiff became aware that this constituted a legal violation).

Wirt argues that, although she ostensibly read and signed the documents that constitute Bon–Ton's alleged violation of § 1681b(b)(2), she returned them to Bon–Ton immediately thereafter and "her signature on the documents does not signify receipt." (Doc. 37, pg.11). Rather, Wirt only received the documents when Bon–Ton provided them during discovery. It was at that time that her attorneys were able to ascertain the alleged violation, and only then did the statute of limitations on her claim begin to run.

█ Of the several cases that address situations similar to Wirt's, none are binding on this Court. However, we find the situation in *Mack v. Equable Ascent Financial* most similar and thus most applicable to the instant analysis. In *Mack*, the Fifth Circuit held that:

> the relevant discovery is that of the violation that is the basis for liability.... This accords with the general approach under the discovery rule that a limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation.

*Mack*, 748 F.3d at 665–66 (citing *Merck*, 559 U.S. at 644–48, 130 S.Ct. 1784). In the context of § 1681b(b)(2)(A) background report issues, courts have held that "a plaintiff discovers the facts giving rise to her claim when she learns that the defendant actually procured the background report after she signed the allegedly deficient disclosure form." *Moore v. Rite Aid Headquarters Corp.*, No. 13–1515, 2015 WL

3444227, at *8 (E.D.Pa May 29, 2015) (citing *Singleton v. Domino's Pizza, LLC*, No. 11–1823, 2012 WL 245965, at *7 (D.Md. Jan. 25, 2012). As Wirt learned of the background report no later than October 15, 2012, she had until two years later, on October 15, 2014, to timely file her claim. The Amended Complaint, which contains Wirt's Disclosure Claim, was not filed until April 15, 2015, and thus would be time-barred unless saved by the relation back doctrine.

## B. Relation Back Doctrine

A claim that is otherwise time-barred may survive if it relates back to the original filing. FED. R. CIV. P. 15(c). "[A]mendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir.2004). In applying this rule, courts look for " 'a common core of operative facts in the two pleadings.' " *Glover v. F.D.I.C.*, 698 F.3d 139, 145–46 (3d Cir.2012) (quoting *Bensel*, 387 F.3d at 310). However, an amendment "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). It is important to note that "the touchstone for relation back is fair notice . . . [O]nly where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310).

In her original complaint, filed September 9, 2014, Wirt alleged that before she began work for Bon–Ton, she consented to the background search that ultimately led to the adverse action taken against her.

Bon–Ton argues that this information was insufficient to provide fair notice of the Disclosure Claim later asserted in the Amended Complaint. We disagree.

The facts alleged in the first complaint need not be as expansive or explanatory as those in the Amended Complaint. It is sufficient that the facts of both complaints concern the same time period and are of the same type. *See Spicer v. Villanova Univ.*, No. 06–1411, 2006 WL 3486465, at *1–2 (E.D.Pa. Dec. 1, 2006) (holding that, although the original complaint did not mention plaintiff's disability, her claim for disability-based employment discrimination nonetheless related back to her other claims of discrimination on the basis of race and sex because it arose from the same factual core as the original complaint). *See also Goode*, 284 F.R.D. at 247 (concluding that although the Amended Complaint contained some new allegations, they merely "amplif[ied] the factual circumstances surrounding the pertinent conduct" and thus satisfied the fair notice requirement to defendant (internal quotations omitted)).

Here, the original complaint and the operative Amended Complaint reference the same specific event, the consent to the background check, and thus are of the same time. The additional facts and allegations asserted in the operative Amended Complaint merely amplify what is an admittedly scant description of the consent process in the original complaint. However, because both fact patterns allege deficiencies in Bon–Ton's process of procuring and utilizing background reports for employment purposes, they are of a similar type. Because of this common core of operative fact, the allegations of the original complaint are sufficient to put Bon–Ton on fair notice of the claims that Wirt might allege, and which here fairly arise out of her Amended Complaint.

In reaching this conclusion, we find the recent case, *Moore v. Rite Aid Headquarters Corp.*, No. 13–1515, 2015 WL 3444227 (E.D.Pa May 29, 2015), decided by Judge Dubois of the Eastern District of Pennsylvania, to be both informative and persuasive. The fact patterns of *Moore* and of the instant case are nearly identical. In *Moore*, the plaintiff also initially asserted a claim against her employer for failing to provide notice as required under § 1681b(b)(3) before taking adverse action. *Moore*, 2015 WL 3444227, at *9. In her amended complaint, the plaintiff also raised a new claim, identical to Wirt's, based on alleged violations of § 1681b(b)(2)(A). *Id.* The court in *Moore* determined that both claims related to a common core of operative fact, arising from the defendant's "alleged failure to comply with the FCRA in its procurement and use of the . . . background reports for employment purposes." *Id.* The court also found that, though not identical, the facts alleged in both complaints overlapped throughout the same time period, beginning when the defendant Rite Aid informed the plaintiff that it would procure her consumer report as part of her employment consideration. *Id.* Though not despositive, we nonetheless find the rationale in *Moore* to be sound, and it informs our decision here.

Unlike the *Moore* defendant, Bon–Ton asserts several additional arguments as grounds for why Wirt's Disclosure Claim should not relate back to the Adverse Action Claim made in the original complaint. Bon–Ton argues that the claims are different because the Disclosure Claim arises from a different statutory obligation and results in a different type of harm than does the Adverse Action Claim. As such, the discovery needed to support those claims may differ. Bon–Ton also notes that Wirt's amendments may more than double the size of the litigation, as the two claims purport to create a new and much larger class. While Bon–Ton's arguments may well be valid, they are presumptive and premature. We have not yet determined the size of the class, nor even whether class certification is appropriate. Though Bon–Ton raises important points, they are more suitably posed at a later time. Here, the question is not whether the two claims are different, or how they may affect the size of the class, but whether the claims arise out of a "common core of operative fact." As we have determined that they do indeed share this necessary characteristic, the relation back doctrine applies and both of Wirt's claims shall be allowed to go forward.

## C. Motion to Strike

■ In our *Standard of Review*, Section III.B above, we noted that "striking a pleading is a drastic remedy to be used sparingly because of the difficulty of deciding a case without a factual record." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142–43 (E.D.Pa.2011). However, "[p]rior to the class certification stage, a defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Rios v. State Farm Fire and Cas. Co.*, 469 F.Supp.2d 727, 740 (S.D.Iowa 2007). *See Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72, 93 n. 30 (3d Cir.2011) (Third Circuit opinion acknowledging that in rare instances, where the complaint shows that the requirements for maintaining a class action cannot be satisfied, a motion to strike will be granted).

Here, Bon–Ton argues that the Disclosure Class definition must be stricken from Wirt's Amended Complaint because the class cannot include the time-barred claims of members on whose behalf no claim was asserted in the original complaint. Phrased differently, Bon–Ton as-

serts that those Plaintiffs who were included in the class definition of the Amended Complaint, but not in the original class, and whose claims arose before April 15, 2013, must be released because the claims are time-barred. The remedy, Bon–Ton asserts, for redefining the disclosure class, is to strike Wirt's proposed disclosure class definition from the Amended Complaint. In essence, Bon–Ton argues that the proposed definition is so flawed that it falls within the exception laid out by *Rios* and *Landsman* above.

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), holds that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." *American Pipe*, 414 U.S. at 554, 94 S.Ct. 756. Bon–Ton argues an inversion of this principle, namely that the statute of limitations is not tolled for the claims of members of a class who were not included at the onset, but were only delineated later in the litigation proceedings. Thus, according to Bon–Ton, American Pipe and its progeny indicate that where an original complaint does not contain any claims on behalf of a class, the claims of those members newly included in a broader class as redefined by a later Amended Complaint must fall within the statute of limitations as delineated by

the filing date of that Amended Complaint or struck because they have ran. Their claims cannot relate back to the filing of the original complaint because they were not included in the class as defined by that original complaint. The rationale of *American Pipe* as applied here suggests that those class members whose claims arose before April 15, 2013 must be excluded from the class because their claims are time-barred, with an exception only for those members who were included in the original class definition proposed by the original complaint, filed September 9, 2014.[2] At first blush, we agree that this reasoning plausibly indicates that there is indeed a fragment of the disclosure class Plaintiffs whose claims could be deemed time-barred.

■ However, simply because a portion of a class may have claims that are time-barred does not mean that Wirt's Amended Complaint is deficient in the sweeping way that *Rios* and *Landsman* describe.[3] We find that the potential failure of the claims of a sub-section of the members of the proposed class does not indicate that an entire requirement "for maintaining a class action cannot be met." Further, as noted above, precedent has indicated that relief under 12(f) is generally disfavored unless the allegations are unrelated to the controversy and failure to grant the mo-

**2.** The exception is made because, as addressed directly in *American Pipe*, the statute of limitations on the Disclosure Claims may be tolled for those members of the originally proposed class. *American Pipe*, 414 U.S. at 553–54, 94 S.Ct. 756.

**3.** The extraordinarily cautionary language of *Landsman* indicates that only an abundantly clear failure to meet one of the Rule 23 class action requirements justifies granting a 12(f) motion so early in the proceedings. *Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d at 93. *Landsman* includes a discussion of *Afgo*, a case in which the District Court for the District of New Jersey errone-

ously concluded that the typicality and predominance factors for class certification were not met. *Id. Landsman* noted that the *Afgo* court prematurely determined the class certification issue on a motion to dismiss. *Id.* In determining whether the requirements of Rule 23 have been met, the *Landsman* court emphasized that a "rigorous analysis," is typically necessary. *Id.* "In most cases, some level of discovery is essential to such an evaluation" to ensure that "the class action process should be able to 'play out' according to the directives of Rule 23." *Id.* (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 347–48 (3d Cir.2004).

tion would cause prejudice to a party. *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142–43 (E.D.Pa.2011). The class definition as proposed by Wirt's Amended Complaint is certainly related to the controversy and it remains, at this stage, a proposal—and not by any means a certainty. Its continued existence in Wirt's Amended Complaint does not cause prejudice to Bon–Ton at this early juncture.

As previously noted, district courts have great discretion in granting a 12(f) motion to strike. *Krisa v. Equitable Life Assurance Soc.*, 109 F.Supp.2d 316, 319 (M.D.Pa 2000) (quoting *River Rd.*, 1990 WL 69085, at *2). In our discretion, and in an abundance of caution, we conclude that striking the proposed class definition from Wirt's Amended Complaint is not appropriate at this time. However, we will consider the issue of timeliness for these claims and the appropriate scope of the class definition further upon a motion to certify the class, which we presume to be forthcoming at a later date.

## V. CONCLUSION

For the reasons set forth, we shall deny Bon–Ton's Motion to Dismiss. We also decline to strike Wirt's proposed class definition from the Amended Complaint at this time. While we confess a degree of skepticism regarding Wirt's ability to achieve certification of a class as broadly defined as that which she sets out in her operative Amended Complaint due to the statute of limitations issues and other arguments that Bon–Ton raises in its briefings, those issues are left for another day.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. 33) is **DENIED** in its entirety.